UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Ms. Farzana AMIN<br>1929 Brooke Farm Court<br>Woodbridge, VA 22192<br><br>　　　Plaintiff<br><br>　　　v.<br><br>Kaiser Foundation Health Plan of<br>　　the Mid-Atlantic States, Inc.<br>2101 E. Jefferson St.<br>Rockville, MD 20852<br><br>　　　Defendant | CIVIL ACTION<br><br>CASE NUMBER:<br>_____ |

## COMPLAINT

Plaintiff Farzana AMIN aka Farah Amin, RN, ("Ms. Amin"), through counsel, sues KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC. ("Kaiser"), for violations of her rights as a protected employee under 29 USC §2601, *et seq.* (Family and Medical Leave Act or "FMLA"), requesting equitable relief, compensatory and liquidated damages, statutory interest, attorneys' fees, and the costs of this action.

## AVERMENT OF JURISDICTION AND VENUE

1. Plaintiff's claims arise in substantial part out of a federal question, to wit, the Family and Medical Leave Act. This Complaint lies under this Court's jurisdiction pursuant to 28 USC §1331.

2. Almost all or all events described hereunder occurred within this judicial District, and venue accordingly lies in this Court pursuant and 28 USC §1391(b)(2). Kaiser also maintains a corporate headquarters in this judicial district in Rockville, Montgomery County, Maryland and venue is proper in this Court on that basis under 28 USC §1391(b)(3).

## PARTIES

3. Ms. Amin is an adult resident of the Commonwealth of Virginia who, at times relevant, worked for Defendant at its Camp Springs, Maryland medical center within this judicial district. She is known socially as "Farah Amin."

4. Kaiser is a regional provider of health insurance and health services with multiple medical centers in and near this judicial district. It is a significant component of the greater Kaiser Permanente family of for-profit and non-profit corporations.

## FACTS

5. Ms. Amin commenced employment with Kaiser at its Camp Springs, Maryland, medical center on approximately December 14, 2015, as a Lead Nurse. Kaiser promoted her to Clinical Operations Manager of that facility on January 26, 2016.

6. Kaiser has, and during times relevant had, more than 50 employees within 75 miles of its Camp Springs, Maryland location, and it was engaged in commerce and/or in activities affecting commerce. A list of 12 Kaiser urgent care centers within 75 miles of Camp Springs, Maryland is available at https://urgentcare-midatlantic.kaiserpermanente.org/locations/ (last accessed September 7, 2019.) Kaiser was thus an "employer" as defined at 29 USC §2611(4).

7. Ms. Amin worked full time for Kaiser between her December 2015 hire date and June 12, 2017, working approximately 2000 hours per annum and well in excess of 1250 hours per annum during that period.

8. Ms. Amin was an "eligible employee" during times relevant as contemplated by 29 USC 2611(2).

9. On or about June 14, 2017, Ms. Amin took approved leave at Kaiser upon the death of her sister.

10. Ms. Amin was about to return to work on or about July 17, 2017 when she suffered a cardiac episode and related medical problems requiring hospitalization in the Intensive Care Unit in the Inova hospital in Alexandria, Virginia. Ms. Amin informed Kaiser's Critical Care Director Allen Jett of her major medical issues on that date.

11. Ms. Amin's heart issues constituted a "serious health condition" contemplated by 29 USC §2612(a)(1)(D) and rendered her unable to perform the functions of her job.

12. On or about July 31, 2017, Ms. Amin informed Allen Jett at Kaiser of her need for FMLA leave.

13. On August 29, 2017, Kaiser denied her request for FMLA leave, despite the seriousness of Ms. Amin's major cardiac event.

14. On or about September 15, 2017, Kaiser fired Ms. Amin, notwithstanding her eligibility for FMLA leave, citing *inter alia* her employees' perception of her absence from work as a justification for Kaiser's demand for her resignation and subsequent firing of her.

15. Kaiser's citation of Ms. Amin's absence in the aftermath of her cardiac episode was a willful defiance of the Family and Medical Leave Act's provisions and purpose.  As a

major medical services provider and insurer, Kaiser was and is extremely aware of the FMLA and of the medical realities of cardiac episodes as major, potentially life-altering medical events.

16. Kaiser's firing of Ms. Amin constituted "interference" with Ms. Amin's attempts to exercise her leave rights, as defined at 29 USC §2615(a)(1).

17. Kaiser's firing of Ms. Amin constituted "discrimination" against Ms. Amin by Kaiser for her insistence that Kaiser obey the FMLA and respect her statutory rights, in defiance of the anti-discrimination protections of 29 USC §2615(a)(2).

18. As a result of the firing, Ms. Amin suffered a loss of salary and bonus for approximately 9 months until she was able to secure a position for a slightly lower salary at a medical center in Prince William County, Virginia. While not parties to this action, members of Ms. Amin's immediate family have suffered direct hardship as a result of this firing. Her economic losses from this illegal firing continue and do justify both compensatory and liquidated damages relief, including statutory interest, pursuant to the FMLA.

19. Ms. Amin stands ready, willing and able to be reinstated to her prior position and salary at Kaiser. Ms. Amin thus requests an order for equitable relief in the form of immediate reinstatement or, in the alternative, "front pay" as a substitute remedy, as authorized by the FMLA.

20. Ms. Amin has borne legal fees and costs, which she requests this Court to award her consistently with the Family and Medical Leave Act and Appendix B of this Court's Local Rules, and requests full reimbursement for those costs. The FMLA provides for such fees and costs.

## **SPECIFIC AVERMENT OF WILLFULNESS**

21. Kaiser acted willfully and without reasonable, good faith excuse for its improper firing of Ms. Amin in defiance of the Family and Medical Leave Act's provisions.

## **COUNT I**
## **FMLA – INTEREFENCE IN VIOLATION OF 29 USC §2615(a)(1)**

22. All prior paragraphs are hereby incorporated as if restated herein.

23. Ms. Amin was an "eligible employee" under 29 USC §2612(2) during times relevant.

24. Kaiser was an "employer" under 29 USC §2612(4) during times relevant.

25. Ms. Amin developed a "serious health condition" on July 17, 2017.

26. Ms. Amin had the right to take up to 12 workweeks of leave from Kaiser because the occurrence of the aforementioned "serious health condition", per 29 USC §2612(a)(1).

27. Ms. Amin attempted to exercise her rights to take that leave by applying to Kaiser for approval of that leave.

28. Kaiser denied her the right to take the lawful medical leave as she had requested.

29. Kaiser fired Ms. Amin on September 15, 2017.

30. Kaiser's September 15, 2017, firing of Ms. Amin constituted interference with, restraint and/or denial of the exercise of her rights under Subchapter I of Chapter 28 of Title 29 of the United States Code, in defiance of the anti-interference provisions of 29 USC §2615(a)(1).

31. By reason of Kaiser's violation of the anti-interference prohibition, Ms. Amin has suffered lost income, lost bonus, lost employment benefits (cash and imputed) and the interruption of her career as well as personal hardship as a spouse and mother attempting to contribute to the welfare of her family.

WHEREFORE Ms. Amin requests the following relief pursuant to 29 USC §2617:

a. Equitable relief in the form of immediate reinstatement or, in the alternative, front pay to compensate in lieu

b. Compensatory damages for lost salary and bonuses;

c. Compensatory damages for lost employment benefits;

d. Interest on all compensatory damages, per 29 U.S.C. §2617(a)(1)(A)(iii);

e. Liquidated damages in an additional amount equal to her compensatory damages and interest;

f. Costs and reasonable attorneys' fees in addition to the foregoing compensatory and equitable relief.

## COUNT II
## FMLA – DISCRIMINATION IN VIOLATION OF 29 USC §2615(a)(2)

32. All prior paragraphs are hereby incorporated as if restated herein.

33. Ms. Amin was an "eligible employee" under 29 USC §2612(2) during times relevant.

34. Kaiser was an "employer" under 29 USC §2612(4) during times relevant.

35. Ms. Amin developed a "serious health condition" on July 17, 2017.

36. Ms. Amin had the right to take up to 12 workweeks of leave from Kaiser because the occurrence of the aforementioned "serious health condition", per 29 USC §2612(a)(1).

37. Ms. Amin attempted to exercise her rights to take statutory leave by application to Kaiser to use that leave.

38. Kaiser denied her the right to take the statutory leave as requested.

39. Kaiser fired Ms. Amin on September 15, 2017.

40. Kaiser's September 15, 2017, firing of Ms. Amin constituted a violation of the anti-discrimination provision of under Subchapter I of Chapter 28 of Title 29 of the United States Code, in defiance of the anti-interference provisions of 29 USC §2615(a)(2), which specifically lists "discharge" as a forbidden act.

41. By reason of Kaiser's violation of the anti-discrimination provision aforementioned, Ms. Amin has suffered lost income, lost bonus, lost employment benefits (cash and imputed) and the interruption of her career as well as personal hardship as a spouse and mother attempting to contribute to the welfare of her family.

WHEREFORE Ms. Amin requests the following relief pursuant to 29 USC §2617:

   a. Equitable relief in the form of immediate reinstatement or, in the alternative, front pay to compensate in lieu
   b. Compensatory damages for lost salary and bonuses;
   c. Compensatory damages for lost employment benefits;
   d. Interest on all compensatory damages, per 29 U.S.C. §2617(a)(1)(A)(iii);
   e. Liquidated damages in an additional amount equal to her compensatory damages and interest;
   f. Costs and reasonable attorneys' fees in addition to the foregoing compensatory and equitable relief.

## **JURY TRIAL DEMAND**

Ms. Amin respectfully requests a trial by jury on all issues so triable.

                       Respectfully submitted,

                       /s/

                       _____
                       T. Bruce Godfrey #24596
                       Jezic & Moyse, LLC
                       2730 University Blvd. W #604
                       Wheaton, MD 20902
                       godfrey@jezicfirm.com
                       (240) 292-7200 office
                       (240) 687-3564 cell
                       (888) 241-3135 facsimile
                       Attorney for Farzana Amin